## HAWKINS v. UNITED STATES.
### No. 5081.

Court of Appeals of District of Columbia.
Argued for Appellant and Submitted for
Appellee Jan. 8, 1930.
Decided March 3, 1930.

John H. Wilson, of Washington, D. C., for appellant.

Leo A. Rover and W. H. Collins, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant was convicted of the crime of murder in the first degree; and from the judgment sentencing him to death this appeal was taken.

The evidence is amply sufficient to sustain the verdict and judgment. It is unnecessary to relate the circumstances of the crime. The principal assignment of error relates to the cross-examination of the defendant relative to a previous arrest. It is urged that this was error, since section 1067 of the District Code permits only evidence of the conviction of crime to be given to affect the credit of the witness.

The object of this examination was not primarily for the purpose of impeachment; the arrest and giving of a bond to keep the peace was referred to for the purpose of refreshing the memory of the witness as to certain threats which he had made against the deceased, and which were the subject of inquiry. Without considering whether or not the giving of such a bond is dependent upon a conviction of breach of the peace, we think the testimony was competent for the purpose for which the inquiry was made.

Error is assigned on the admission of the testimony of a witness in rebuttal as to certain conversations that the witness had with the defendant, in which he was alleged to have made threats against the deceased. The defendant testified at length to his lack of any hostile attitude toward the deceased. On cross-examination he was asked concerning a visit to the home of the witness in question, and as to certain conversations with that witness. He denied having had the conversations; and it was to rebut, or rather impeach, his testimony on that point that the witness

was examined. We think the testimony was competent in rebuttal.

It is that character of testimony which may be introduced either in chief to establish declarations and threats made by the defendant, or it may be reserved for rebuttal, if the facts relating to the conversation are denied by the defendant on his cross-examination. The prosecution, by reserving it for rebuttal, merely takes the chance of the defendant's refusal to testify, in which instance the prosecution would lose the benefit of the testimony. But in this case, where the defendant submitted himself to examination as a witness, it was competent to ask him on cross-examination the facts relating to the alleged conversation. If he had admitted them, that would have been the end of it, but his denial opened the door for impeachment on rebuttal.

Errors are assigned in respect of certain instructions given by the court. We have examined the charge very carefully and are unable to find any error.

Owing to the gravity of the offense, and the serious consequences of the defendant's conviction, we have given the record in this case very careful consideration, but are unable to find any grounds whatever for reversal.

The judgment is affirmed.